ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division ADRIAN BROWN
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6475
FAX: (415) 436-7234
wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-cr-00424 MMC |
| Plaintiff, | **UNITED STATES'S SENTENCING MEMORANDUM** |
| v. | Date: December 1, 2024 |
| ADRIAN BROWN, | Time: 2:15 p.m. |
| Defendant. | |

## I.   BACKGROUND

Adrian Brown is a felon, who is prohibited from possessing firearms. Nevertheless, on June 15, 2023, he had a loaded ghost gun in his possession. San Francisco Police Department officers responded to 828 Franklin Street, in San Francisco, in response to a call from J.M., who stated that her boyfriend, Adrian Brown, would not return her car key. J.M. had given Brown the keys to her Hyundai Elantra so that he could sleep in it.

Upon arrival, officers observed Brown standing next to the Hyundai. After Brown saw the officers, he closed the car's door and started walking away on foot. Officers followed and called Brown by name. Brown walked to the front garden of 819 Eddy St. and threw what turned out to be a Polymer-80 unknown model handgun with no serial number (i.e., a ghost gun) into it. Officers retrieved the

firearm, which was loaded with nine 9mm Luger caliber cartridges. Brown was searched incident to arrest, and officers located one additional 9mm cartridge his front right coin pocket.

On November 14, 2023, the grand jury returned an Indictment, charging Brown with one count of being a Felon In Possession of Ammunition, in violation of 18 U.S.C. § 922(g). (ECF 1.) On December 8, 2023, Brown was released pretrial on conditions. (ECF 8.) His pretrial supervision was transferred to the Eastern District of California, where he was living. On August 21, 2024, Brown accepted responsibility for his crime and entered a guilty plea. (ECF 44.)

Brown's prior criminal history is serious, especially his 2019 Assault with a Firearm on a Person conviction. However, since he was paroled in August 2022, Brown has not engaged in any violence, and the incident underlying this federal conviction did not involve violence. Brown has done remarkably well on pretrial supervision. Brown has not had any significant issues, and his drug tests have consistently been negative. He has also appears to have taken a number of steps to turn his life around. Brown is now living with his fiancée and her children in Suisun City, CA. He has three children of his own, ages 14, 6 and 6, and reports that he spends his time while not working with them, as they are his priority.

Brown also appears to have made an effort to position himself to be able to support his children. For most of his pretrial release, he was working full-time for a moving company, a business owned by the pastor at his church, where Brown was active. The defense reports that Brown recently quit working for the moving company so that he could find something with more consistent hours, which would also allow for better long-term career prospects. To that end, the defense reports that Brown is now working part-time as a painter, while he works with the Solano County Workforce Development Agency to improve his longer-term career prospects.

In light of the positive progress that Brown has made while under supervision, along with his stated commitment to abandon his old ways and focus on being the father he wants to be, the government recommends a sentence of 3 years' Probation.

## II.    SENTENCING GUIDELINES CALCULATIONS

Probation calculates Brown's Sentencing Guidelines as follows:

U.S. SENTENCING MEMO                2
23-cr-00424 MMC

| | | |
|---|---|---:|
| | a. **Base Offense Level, U.S.S.G. § 2K2.1(a)(6):** | **14** |
| | b. **Specific offense characteristics:** | **+0** |
| | c. **Acceptance of Responsibility § 3E1.1:** | **-2** |
| | d. **Adjusted Offense Level:** | **12** |

*See* PSR ¶¶ 15-23. This varies from the calculation set forth in the parties' Plea Agreement. Among other reasons, the parties' Plea Agreement was pre-*United States v. Gomez*. For purposes of this sentencing, the government does not contest Probation's calculation. The parties have not reached any agreement regarding Brown's criminal history. Probation has calculated that Brown's criminal history score is 11, and he therefore falls into Criminal History Category V. (*Id.* at ¶¶ 33-35.) The government agrees with Probation's criminal history calculations. As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 12 and Criminal History Category V is 27-33 months. (*Id.* at ¶ 80.)

### III.  GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991. The Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

Here, the Court should vary from the Guidelines and impose a sentence of 3 years' Probation. Although the incident underlying Brown's 2019 conviction for Assault with a Firearm on a Person is

concerning, he has done well since then and has not engaged in violence. Of note, the instant offense did not involve violence. Brown only came on law enforcement's radar because he was sleeping in a car, which is more indicative of poverty than criminality.

Brown has professed a desire to turn his life around and has taken concrete steps to do so. He has worked hard to secure employment and also worked on positioning himself to secure even better employment in the future. He has spent significant time with his three children and presents as sincere in his desire to be a good father to them. He has also thoughtfully expressed a desire to abandon his old ways and sought to surround himself with positive influences from his church. Both Brown and the community would be best served if he continued on his current, positive trajectory, and the government wants to give him an opportunity to do so.

**IV.   CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Brown to 3 years' Probation, a $100 special assessment, and order Brown to forfeit the firearm and ammunition seized on June 15, 2023.

DATED: November 26, 2024                           Respectfully submitted,
                                                   ISMAIL J. RAMSEY
                                                   United States Attorney


                                                   */s/ Wendy M. Garbers*
                                                   WENDY M. GARBERS
                                                   Assistant United States Attorney